PAEZ, Circuit Judge,
concurring in part and dissenting in part:
Although I agree with the majority that the Board of Immigration Appeals (“BIA”) did not err in denying Garcia-Milian’s CAT claim, I respectfully dissent from the majority’s decision to deny her petition with respect to her claims for asylum and withholding of removal. In my view, the evidence in the record compels the conclusion that Gareia-Milian was attacked and raped because of her ex-husband’s political opinions. I would therefore grant the petition and remand to the BIA for further proceedings on Garcia-Milian’s asylum and withholding of removal claims.
I.
The majority effectively requires Garcia-Milian to produce direct evidence of the reasons for her persecution. First, the majority holds that the record “does not compel the conclusion that the masked men imputed a political opinion” to Gareia-Milian because the attackers “did not make any statements attributing political views to Gareia-Milian.” Maj. Op. at 1032. But we have never required asylum appli *1036 cants to establish a nexus solely through direct evidence. To the contrary, an asylum applicant can establish a nexus between the act of persecution and the relevant political opinion by presenting “direct or circumstantial evidence” of her attackers’ motivations. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis added); see also, e.g., Deloso v. Ashcroft, 393 F.3d 858, 864 (9th Cir.2005) (“An applicant need not present direct evidence of a persecutor’s motives if there is compelling circumstantial evidence.”); Gafoor v. I.N.S., 231 F.3d 645, 650 (9th Cir.2000) (“Because it is so difficult to prove motives with any precision, the Supreme Court teaches that an applicant does not have to provide direct evidence that his persecutors were motivated by one of the protected grounds; instead, compelling circumstantial evidence is sufficient.”), superseded by statute on other grounds, REAL ID Act of 2005, Pub.L. No. 109-13, div. B, § 101(h)(2), 119 Stat. 231, 305 (2005).[1] Our case law thus requires us to look beyond the fact that the masked men did not directly tell Garcia-Milian they were attributing any political views to her, and consider whether the circumstantial evidence nevertheless compels the conclusion that they targeted her because of her association with her ex-husband. See Silaya v. Mukasey, 524 F.3d 1066, 1070-71 (9th Cir.2008) (“[E]vi-dence that the alleged persecutor acted because of a petitioner’s family’s political associations is sufficient to satisfy the motive requirement.” (internal quotation marks and alteration omitted)); see also Zhang v. Gonzales, 408 F.3d 1239, 1246 (9th Cir.2005); Kebede v. Ashcroft, 366 F.3d 808, 812 (9th Cir.2004).
The majority also provides several related reasons for concluding that Garcia-Mili-an has failed to establish a nexus: her attackers did not “indicat[e] that they were retaliating against her due to the views of her ex-husband,” and there is an absence of evidence of the masked men’s political views. Maj. Op. at 1032. Here, again, the majority errs by requiring Garcia-Milian to provide direct evidence of motive. We have explicitly held that an applicant is not required to present evidence of her attackers’ own stated reasons for attacking her. Garcia-Martinez v. Ashcroft, 371 F.3d 1066, 1075 (9th Cir.2004) (“By seizing upon the soldiers’ failure explicitly to state why they were raping Garcia, the IJ appeared to require that Garcia provide direct evidence of the soldiers’ motive, when we have consistently allowed circumstantial evidence to suffice.”). Indeed, in Garcia-Martinez, we held that it would be “patently unreasonable” to “rely solely upon ... a persecutor’s own statements regarding motive” when deciding if a nexus exists. Id. at 1076. Thus, we concluded, “the fact that the soldiers failed explicitly to inform Garcia that they were raping her on account of a protected ground [was] not highly relevant.” Id.; see also Gafoor, 231 F.3d at 650 (“Persecutors do not always take the time to tell their victims all the *1037 reasons they are being beaten or kidnapped or killed
II.
The majority next recites its duty to consider circumstantial evidence, but fails to actually do so. First, the majority states that the “single piece of indirect evidence” in the record is “the masked men’s statement that they were looking for [Garcia-Milian’s ex-husband] because he had been in a guerrilla group,” and concludes in the amended opinion that this is “insufficient to compel a conclusion contrary to that reached by the BIA.” Maj. Op. at 1032. I disagree. The masked men’s statement is not the “single” piece of indirect evidence in support of Garcia-Mi-lian’s claims. Consider the facts of the case: at 11:00 p.m., the masked men began “hitting the door very loudly,” demanding that Garcia-Milian let them into her house. Thinking that they were the police, Garcia-Milian opened the door. The men entered and told Garcia-Milian they were looking for her ex-husband because he was a member of a guerrilla organization. The following events then occurred, as credibly described by Garcia-Milian:
They asked me where my husband was, and I don’t know where he is. I told them I didn’t know because it had been more than 15 years since we were separated; that I didn’t know anything about him. They said I did know. They took me inside, and they put a weapon on my chest, and they kept telling me to tell them, to tell them, and I said I didn’t know anything. They insisted that ... if I wouldn’t tell them, they would kill me. After they threw me on the floor, and when I felt they were going to kill me, I mentioned a place, but I knew he wasn’t there so they would leave and they wouldn’t kill me. They began to hit me. After they hit me a lot, they kicked me very hard with their shoe. Then they raped me. One was holding a weapon on my head, and the other one was laughing. Then the other one raped me, began to rape me. I was unconscious. I couldn’t take it any longer.
The record is thus replete with circumstantial evidence of motive beyond the attackers’ own statements — -namely, the record shows that the attackers knew who Garcia-Milian was, knew of her association with her ex-husband, knew where she lived, visited her at her private home late at night, and violently hit, kicked, and took turns raping Garcia-Milian — while laughing — over the course of an interrogation that focused on nothing other than information about her ex-husband, whom the attackers sought to find because of his political views.
This leads me to my ultimate point of disagreement: I fail to see how any reasonable fact-finder could conclude that the circumstantial evidence in this case is insufficient to meet the nexus requirement, as the majority concludes. To the contrary, I would hold that any reasonable fact-finder would be compelled to find that Garcia-Milian was personally targeted because of her ex-husband’s political beliefs. See Silaya, 524 F.3d at 1070-72. Because “evidence that the alleged persecutor acted because of a petitioner’s family’s political associations is sufficient to satisfy the motive requirement,” id. at 1070-71 (internal quotation marks and alteration omitted), and because Garcia-Milian has provided compelling circumstantial evidence of such a motive, I would further hold that Garcia-Milian has established the requisite nexus. See Navas, 217 F.3d at 659 n. 18 (“Where police beat and threaten the spouse of a known dissident, it is logical, in the absence of evidence pointing to another motive, to conclude that they did so because of the spouse’s presumed guilt by association.”).
*1038 III.
For the above reasons, I would hold that the record compels the conclusion that Garcia-Milian was beaten and raped because of her ex-husband’s political views, which satisfies the requirements for showing “imputed political opinion.” I would therefore grant the petition with respect to Garcia-Milian’s claims for asylum and withholding of removal and remand for further proceedings.

. We have recognized that compelling evidence of imputed political opinion may include, inter alia, the persecutor’s "conduct or statements,” Navas v. I.N.S., 217 F.3d 646, 659 (9th Cir.2000), "the timing and substance of the persecution,” Singh v. Gonzales, 439 F.3d 1100, 1111 (9th Cir.2006), the location of the persecution, Donchev v. Mukasey, 553 F.3d 1206, 1222 (9th Cir.2009), "the applicant's association with, or relationship to, people who are known to hold a particular political opinion,” Navas, 217 F.3d at 659, and "obvious signs connecting persecutory acts to the alleged persecutors and suggesting the alleged persecutors’ motives,” Karouni v. Gonzales, 399 F.3d 1163, 1174 (9th Cir.2005) (internal quotation marks and alteration omitted). "We have also found ... persecution [on the basis of political opinion] when there is no other logical reason for the persecution.” Sangha v. I.N.S., 103 F.3d 1482, 1490 (9th Cir.1997).